**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

APPLE INC.,

Plaintiff,

v.

SAND MEDIA CORP INC.,
APPLE CINEMAS DANVILLE INC.,
APPLE CINEMAS VAN NESS INC.,
JAAS MEDIA INC.,
APPLE CINEMAS GREECE RIDGE INC.,
APPLE CINEMAS HARTFORD, INC.,
APPLE CINEMAS PITTSFORD INC.,
APPLE CINEMAS SIMSBURY INC.,
APPLE CINEMAS TORRINGTON INC.,
APPLE CINEMAS VII, INC.,
APPLE CINEMAS WARWICK, INC.,
APPLE CINEMAS WATERBURY INC.,
APPLE CINEMAS RIVERVIEW PLAZA INC., and
APPLE CINEMAS WHITE PLAINS INC.,

Defendants.

Case No. 1:25-cv-12173-DJC

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

In accordance with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12, Defendants, Sand Media Corp Inc., Apple Cinemas Danville Inc., Apple Cinemas Van Ness Inc., Jaas Media Inc., Apple Cinemas Greece Ridge Inc., Apple Cinemas Hartford, Inc., Apple Cinemas Pittsford Inc., Apple Cinemas Simsbury Inc., Apple Cinemas Torrington Inc., Apple Cinemas VII, Inc., Apple Cinemas Warwick, Inc., Apple Cinemas Waterbury Inc., Apple Cinemas Riverview Plaza Inc., and Apple Cinemas White Plains Inc. (collectively, "Defendants"), answer Plaintiff Apple Inc.'s complaint dated August 1, 2025, as follows:

## NATURE OF THE ACTION

1. Defendants admit that they operate an expanding national movie-theater chain known as Apple Cinemas. Defendants deny the rest of this paragraph.

2. Defendants admit that on or about July 10, 2025, a movie-theater location was opened in California at 1000 Van Ness Avenue, San Francisco, California, and that such opening was covered by local and other media. Defendants deny the rest of this paragraph.

3. Defendants deny that the use of Apple Cinemas has caused any customer confusion or dilution to Plaintiff's brand and deny that the alleged statement is representative of such. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

4. Defendants deny that the use of Apple Cinemas has caused any customer confusion or dilution to Plaintiff's brand and deny that the alleged statement is representative of such. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

5. Defendants deny that the use of Apple Cinemas has caused any customer confusion or dilution to Plaintiff's brand and deny that the alleged statement is representative of such. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

6. Defendants deny that the use of Apple Cinemas has caused any customer confusion or dilution to Plaintiff's brand. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

7. Defendants admit that they have received communications from Plaintiff and/or Plaintiff's agents concerning the use of Apple Cinemas. Defendants deny the rest of this paragraph.

8. Defendants admit that Defendant Sand Media Corp Inc. applied with the United States Patent and Trademark Office ("USPTO") to register the Marks Apple Cinemas and ACX - Apple Cinematic Experience (Serial Nos. 98427530 and 98442811, respectively) and that both applications are currently live/pending. Defendants deny the rest of this paragraph.

9. Defendants admit that they have received communications from Plaintiff and/or Plaintiff's agents concerning the use of Apple Cinemas and ACX - Apple Cinematic Experience and that a spiraling roll of film in the shape of an apple has been used with Apple Cinemas since 2014. Defendants deny the rest of this paragraph.

10. Denied.

11. Denied.

**PARTIES**

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Defendants admit that Defendant Sand Media Corp Inc. is the sole parent company of Defendants Apple Cinemas Danville Inc., Apple Cinemas Van Ness Inc., Jaas Media Inc., Apple Cinemas Greece Ridge Inc., Apple Cinemas Hartford, Inc., Apple Cinemas Pittsford Inc., Apple Cinemas Simsbury Inc., Apple Cinemas Torrington Inc., Apple Cinemas VII, Inc., Apple Cinemas Warwick, Inc., Apple Cinemas Waterbury Inc., Apple Cinemas Riverview Plaza Inc., and Apple Cinemas White Plains Inc., each of which operate a location in the movie-theater chain. Defendants deny the rest of this paragraph.

**JURISDICTION AND VENUE**

28. Defendants deny that they have committed any violation of the Lanham Act, 15 U.S.C. §§ 1051–1141. Defendants admit the rest of this paragraph.

29. Defendants admit that their principal places of business are located in Massachusetts and that an Apple Cinemas location in Cambridge, Massachusetts, has been operated since in or around 2013. Defendants deny the rest of this paragraph.

30. Admitted.

**FACTUAL BACKGROUND**

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

41. Defendants admit that Plaintiff produces films and that some of Plaintiff's films have been shown in Apple Cinemas locations since in or around 2022. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

53. Admitted.

54. Defendants admit that the name Apple Cinemas was derived from the first planned location at the Apple Valley Mall in Smithfield, Rhode Island, in or around 2012, and distinctly and independently from Plaintiff, and that a first location in Cambridge, Massachusetts, was opened in or around 2013. Defendants deny the rest of this paragraph.

55. Admitted.

56. Defendants admit that no movie-theater locations were opened in 2016, 2017, or 2018 and that six movie-theater locations were opened from 2019 through 2023. Defendants deny the rest of this paragraph.

57. Defendants admit that in or around December 2023, a movie-theater location was opened outside of New England, in Pittsford, New York. Defendants deny the rest of this paragraph.

58. Defendants admit that Defendant Sand Media Corp Inc. applied with the USPTO to register the Marks Apple Cinemas and ACX - Apple Cinematic Experience (Serial Nos. 98427530 and 98442811, respectively) and that both applications are currently live/pending. Defendants deny the rest of this paragraph.

59. Defendants admit that in or around May 2024, a movie-theater location was opened in White Plains, New York. Defendants deny the rest of this paragraph.

60. Defendants admit that they have received communications from Plaintiff and/or Plaintiff's agents concerning the use of Apple Cinemas. Defendants deny the rest of this paragraph.

61. Defendants admit that in or around March 2025, a movie-theater location was opened in Rochester, New York. Defendants deny the rest of this paragraph.

62. Defendants admit that Defendant Sand Media Corp Inc. applied with USPTO to register the Marks Apple Cinemas and ACX - Apple Cinematic Experience (Serial Nos. 98427530 and 98442811, respectively) and that both applications are currently live/pending. Defendants deny the rest of this paragraph.

63. Defendants admit that in or around June 2025, plans were announced to open a movie-theater location in San Francisco, California. Defendants deny the rest of this paragraph.

64. Defendants admit that an announcement in or around June 2025 of a plan to open a movie-theater location in San Francisco, California, was covered by local and other media and members of the local community, including San Francisco Mayor Daniel Lurie. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

65. Defendants admit that in or around July 2025, a movie-theater location was opened in San Francisco, California, that such opening was covered by local and other media, that they operate an expanding national movie-theater chain, and that they have worked with KeyPoint Partners. Defendants deny the rest of this paragraph.

66. Defendants admit that they operate an expanding national movie-theater chain and that it has been announced that a Danville, California, movie theater will be located at the Blackhawk Plaza. Defendants deny the rest of this paragraph.

67. Defendants admit that a Rochester movie-theater location is in the Mall at Greece Ridge, that a White Plains movie-theater location is in the City Center Mall, and that the announced Danville, California, movie-theater location will be at the Blackhawk Plaza. Defendants deny the rest of this paragraph.

68. Admitted.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

70. Denied.

71. Defendants admit that a spiraling roll of film in the shape of an apple has been used with Apple Cinemas since 2014. Defendants deny the rest of this paragraph.

72. Denied.

73. Defendants admit that they have a website providing information about movies showing in their movie-theater locations. Defendants deny the rest of this paragraph.

74. Defendants admit that they are always taking steps to enhance and improve the movie-going experience for their customers, including as to their technology, that they have partnered with CJ 4DPLEX, and that the partnership has been covered by local and other media. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

75. Defendants admit that on or about February 29, 2024, Defendant Sand Media Corp Inc. applied with the USPTO to register the Mark Apple Cinemas (Serial No. 98427530) and that the application is currently live/pending. Defendants deny the rest of this paragraph.

76. Defendants admit that on or about March 11, 2024, Defendant Sand Media Corp Inc. applied with the USPTO to register the Mark ACX - Apple Cinematic Experience (Serial No. 98442811) and that the application is currently live/pending. Defendants deny that the Serial No. is 98427530.

77. Defendants admit that on October 21, 2024, a second Non-Final Office Action was issued initially refusing registration of the Apple Cinemas trademark application and that a second Non-Final Office Action was issued initially refusing registration of the ACX - Apple Cinematic Experience trademark application, both on the grounds of alleged likelihood of confusion based on the only two registered marks — APPLE STUDIOS (Registration No.

7107534) and APPLE TV (Registration No. 7269838) — cited in the Non-Final Office Actions. Defendants deny the rest of this paragraph.

78. Defendants admit that on October 21, 2024, a second Non-Final Office Action was issued initially refusing registration of the Apple Cinemas trademark application on the grounds of alleged likelihood of confusion based on the only two registered marks — APPLE STUDIOS (Registration No. 7107534) and APPLE TV (Registration No. 7269838) — cited in the Non-Final Office Action. Defendants deny the rest of this paragraph.

79. Defendants admit that on October 21, 2024, a second Non-Final Office Action was issued initially refusing registration of the ACX - Apple Cinematic Experience trademark application on the grounds of alleged likelihood of confusion based on the only two registered marks — APPLE STUDIOS (Registration No. 7107534) and APPLE TV (Registration No. 7269838) — cited in the Non-Final Office Action. Defendants deny the rest of this paragraph.

80. Denied.

81. Defendants admit that on April 17, 2025, Responses to the Non-Final Office Actions issued on October 21, 2024, were filed in connection with the pending trademark applications for the Apple Cinemas Mark and the ACX - Apple Cinematic Experience Mark, setting forth arguments against the alleged grounds for initial refusal, which cited the only two registered marks — APPLE STUDIOS (Registration No. 7107534) and APPLE TV (Registration No. 7269838) — cited in the Non-Final Office Actions. Defendants deny the rest of this paragraph.

82. Defendants admit that on April 30, 2025, Suspension Notices were issued suspending prosecution of both the Apple Cinemas and ACX- Apple Cinematic Experience

trademark applications and the Section 2(d) initial refusal was maintained and continued. Defendants deny the rest of this paragraph.

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

84. Defendants admit that they have received communications from Plaintiff and/or Plaintiff's agents concerning the use of Apple Cinemas. Defendants deny the rest of this paragraph.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph and thus deny it.

86. Defendants admit that in or around July 2025, a movie-theater location was opened in San Francisco. Defendants deny the rest of this paragraph.

87. Denied.

88. Denied.

89. Defendants deny that the use of Apple Cinemas has caused any customer confusion and deny that the alleged statement is representative of such. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

90. Defendants deny that the use of Apple Cinemas has caused any customer confusion and deny that the alleged statements are representative of such. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

91. Defendants deny that the use of Apple Cinemas has caused any customer confusion and deny that the alleged statements are representative of such. Defendants are without

knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

92. Defendants deny that the use of Apple Cinemas has caused any customer confusion and deny that the alleged statement is representative of such. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

93. Defendants deny that the use of Apple Cinemas has caused any customer confusion and deny that the alleged statement is representative of such. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

94. Defendants deny that the use of Apple Cinemas has caused any customer confusion and deny that the alleged statements are representative of such. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

95. Defendants deny that the use of Apple Cinemas has caused any customer confusion and deny that the alleged statements are representative of such. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Defendants deny that the use of Apple Cinemas has caused any customer confusion. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of this paragraph and thus deny it.

101. Denied.

102. Denied.

103. Denied.

104. Defendants admit that they operate movie theaters in brick-and-mortar locations, including in malls. Defendants deny the rest of this paragraph.

105. Defendants admit that they market their movie-theater locations online and through billboards and other signage. Defendants deny the rest of this paragraph.

106. Denied.

**COUNT 1**
**INFRINGEMENT OF REGISTERED TRADEMARKS**
**(SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114)**

107. By reference, Defendants incorporate their responses to paragraphs 1–106.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

**COUNT 2**
**FALSE DESIGNATION OF ORIGIN**
**(SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125)**

116. By reference, Defendants incorporate their responses to paragraphs 1–115.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

**COUNT 3**
**FEDERAL DILUTION BY BLURRING**
**(SECTION 43(C) OF THE LANHAM ACT, 15 U.S.C. § 1125(C))**

125. By reference, Defendants incorporate their responses to paragraphs 1–124.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff has acquiesced to Defendants' use of the alleged infringing mark(s) through its conduct and is thus estopped from asserting trademark rights against Defendants.

3. Defendants possess superior common law trademark rights based on their prior use of the mark(s) in commerce in the relevant geographic territories.

4. There is no likelihood of confusion between Defendants' mark(s) and Plaintiff's mark(s) based on the relevant factors.

5. Defendants and Plaintiff operate in different channels of trade that serve different classes of purchasers, eliminating any likelihood of confusion.

6. The relevant consumers are sophisticated purchasers who exercise a high degree of care when making purchasing decisions regarding the goods or services in question.

7. Defendants' use of their mark(s) does not cause dilution by blurring or tarnishment of Plaintiff's mark(s).

8. Defendants adopted and began using their mark(s) independently of Plaintiff's mark(s).

9. Defendants at no time had any intent to cause confusion or to benefit from the reputation of Plaintiff's mark(s).

10. Laches bars Plaintiff's claims.

11. Waiver bars Plaintiff's claims.

12. Plaintiff failed to mitigate its damages.

13. Plaintiff has not suffered any actual damages.

14. Plaintiff is not entitled to attorneys' fees or costs because this case does not involve willful infringement, fraud, or other extraordinary circumstances making it "exceptional" under 15 U.S.C. § 1117(a).

15. Defendants reserve the right to amend these affirmative defenses, as may become apparent after the filing of this answer, whether in discovery, at trial, or otherwise, so as to avoid waiver of the same.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants request the Court to:

1. Enter judgment for Defendants on all counts of Plaintiff's complaint;

2. Award Defendants attorney's fees and costs under 15 U.S.C. § 1117(a); and

3. Grant Defendants all other relief this Court deems just.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues and claims so triable.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

Dated: September 16, 2025

By: */s/ Nicholas J. Schneider*

Nicholas J. Schneider, Esq. (BBO No. 688498)
Matthew D. Rodgers, Esq. (BBO No. 681761)
Two International Place, 16th Floor
Boston, MA 02110
nschneider@eckertseamans.com
mrodgers@eckertseamans.com
(617) 342-6800

Candace Lynn Bell, Esq.
(*admitted pro hac vice*)
91 Jewett Parkway
The Carriage House
Buffalo, NY 14214
cbell@eckertseamans.com
(716) 835-0240

*Attorneys for Defendants Sand Media Corp Inc., Apple Cinemas Danville Inc., Apple Cinemas Van Ness Inc., Jaas Media Inc., Apple Cinemas Greece Ridge Inc., Apple Cinemas Hartford, Inc., Apple Cinemas Pittsford Inc., Apple Cinemas Simsbury Inc., Apple Cinemas Torrington Inc., Apple Cinemas VII, Inc., Apple Cinemas Warwick, Inc., Apple Cinemas Waterbury Inc., Apple Cinemas Riverview Plaza Inc., and Apple Cinemas White Plains Inc.*

**CERTIFICATE OF SERVICE**

I certify that on September 16, 2025, this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those parties who are non-registered participants.

*/s/ Nicholas J. Schneider*
Nicholas J. Schneider, Esq.