UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> SAND MEDIA CORP INC, APPLE CINEMAS DANVILLE INC., APPLE CINEMAS VAN NESS INC, JAAS MEDIA INC., APPLE CINEMAS GREECE RIDGE INC, APPLE CINEMAS HARTFORD, INC, APPLE CINEMAS PITTSFORD INC, APPLE CINEMAS SIMSBURY INC, APPLE CINEMAS TORRINGTON INC, APPLE CINEMAS VII, INC, APPLE CINEMAS WARWICK, INC, APPLE CINEMAS WATERBURY INC, APPLE CINEMAS RIVERVIEW PLAZA INC., APPLE CINEMAS WHITE PLAINS INC, <br><br> Defendants. | CASE NO.: 1:25-CV-12173 <br><br> JURY TRIAL DEMANDED |

## ESI STIPULATION AND [P~~ROPOS~~ED] ORDER

1.  **Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in multiple page, text-searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

    A.  PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

    B.  For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable. For

KE 127492311.1

documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

   C. **Metadata.** Load files should include, where applicable and to the extent such metadata exists, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

   D. **Production media and encryption of productions.** Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives, SFTP, or other means of electronic transmission, as appropriate. The producing party shall encrypt the production data using WinRAR/WinZIP encryption or other encryption equivalent, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive, SFTP, or other electronic transmission to which the production data is saved.

  2. **Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

  3. **Parent and child emails.** The parties shall produce email attachments sequentially after the parent email.

  4. **Native files.** The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

5.      **Databases.**  Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table.  These reports or data tables will be produced in a static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

6.      **Requests for hi-resolution or color documents.**  The parties agree to respond in good faith to reasonable and specific good faith requests for the production of higher resolution or color images.  Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, or made in bad faith, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read, unless a higher resolution or color image does not exist.  The producing party shall have the option of responding by producing a native-file version of the document.  If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

7.      **Foreign language documents.** All documents shall be produced in their original language.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

Dated:  December 1, 2025

/s/ Miranda D. Means  
Miranda D. Means  
KIRKLAND & ELLIS  
200 Clarendon Street  
Boston, MA 02116  
Telephone: (617) 385-7500  
miranda.means@kirkland.com  

Dale M. Cendali (pro hac vice pending)  
Mary Mazzello (pro hac vice pending)  
KIRKLAND & ELLIS LLP  
601 Lexington Avenue  
New York, NY 10022  
Telephone: (212) 446-4800  
Facsimile: (212) 446-4900  
dale.cendali@kirkland.com  
mary.mazzello@kirkland.com  

*Attorneys for Plaintiff Apple Inc.*

/s/ Nicholas J. Schneider  
Nicholas J. Schneider (BBO No. 688498)  
Matthew D. Rodgers (BBO No. 681761)  
ECKERT SEAMANS CHERIN & MELLOTT, LLC  
Two International Place, 16th Floor  
Boston, MA 02110  
Telephone: (617) 342-6800  
nschneider@eckertseamans.com  
mrodgers@eckertseamans.com  

Candace Lynn Bell  
(*admitted pro hac vice*)  
ECKERT SEAMANS CHERIN & MELLOTT, LLC  
91 Jewett Parkway  
The Carriage House  
Buffalo, NY 14214  
Telephone: (716) 835-0240  
cbell@eckertseamans.com  

*Attorneys for Defendants*

**SO ORDERED.**

DATE:  December 7, 2025

Hon. Denise J. Casper  
United States District Judge

## EXHIBIT A

## TABLE OF METADATA FIELDS

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Number | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Number | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Number | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Number | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |

5

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| DateSent | Date | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| TimeSent | Time | 00:00:00 (24 hour format) | The time the email was sent | For email attachments, the time the parent email was sent |
| DateCreated | Date | Date (MM/DD/YYYY format) | The date the document was created | For attachments, the date the parent document was created |
| DateModified | Date | Date (MM/DD/YYYY format) | The date the document was modified | For attachments, the date the parent document was modified |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |

6

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
|  |  |  |  |  |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |